## Frank ASKEW *v.* STATE of Arkansas

CR 83-68                                         657 S.W.2d 540

Supreme Court of Arkansas
Opinion delivered September 26, 1983

*Julius D. Kearney* of *Kearney Law Offices,* for appel-
lant.

*Steve Clark,* Atty. Gen., by: *Velda P. West,* Asst. Atty.
Gen., for appellee.

DARRELL HICKMAN, Justice. Frank Askew was convicted
of three counts of forgery and three counts of theft of
property. He had eight prior convictions for various
offenses, including sale of heroin and sale of cocaine,
possession of stolen mail, interstate transportation of stolen
false securities, forgery, uttering, and criminal attempt to
obtain drugs by fraud. He was sentenced to twenty years
imprisonment on each count to be served consecutively.

His convictions must be reversed and the charges
dismissed because the State failed to provide elementary
proof that the checks were forged. Askew evidently repre-
sented himself as Archie Shirley, Jr., in presenting checks at
three stores in Pine Bluff, Arkansas: two different Otasco
stores and a Mad Butcher supermarket. In each instance he
received cash back in addition to the merchandise pur-
chased. In court Askew was identified as the man passing the
checks in the Otasco stores and the checks were identified,
but the State did not prove the checks were forged under
Arkansas law. The state conceded that it had not proved that

Askew signed the checks but argued that Askew "passed" a forged instrument which is a violation of the general forgery statute. Ark. Stat. Ann. § 41-2302 (Repl. 1977).

The checks were printed checks in the name Cash for Cans, an establishment in Little Rock. The checks were drawn on the First National Bank of Little Rock. The signatures on the checks were by a person named Jerry R. Pate on two checks and James J. Pate on the other check.

A Pine Bluff detective was called and generally testified to his role in the matter; but he could not say the checks were forged, or "unauthorized." An officer for the Simmons First National Bank in Pine Bluff was called and he also generally testified about the checks. The checks were stamped "unauthorized signature" and returned to Simmons. But the bank officer could not say in fact that the signature was unauthorized. His testimony was only received as evidence of a bank custom. The exact testimony in this regard reads:

Prosecuting Attorney:

Q  And quite simply what does it state, sir?

A  It says unauthorized signature on all three checks.

Q  And in banking terminology, explain that type of stamp there.

A  Well, whoever is authorized on an account can sign. If it is four or five names, or if it is one name, that is an authorized signature. If one comes in, John Jones and Joe Blow are on the account and George Jones comes in, that is an unauthorized signature.

Defense Attorney:

Your Honor, I'm going to object. I believe someone from Cash for Cans will have to testify as to whether the signature was authorized in this case. Mr. Scaife, with all due respect, does not know whether it was authorized.

Prosecuting Attorney:

Your Honor, these are.

Witness:

Well, these checks would have come to us in this capacity.

The Court:

You responded to the objection?

Prosecuting Attorney:

No, sir, I didn't. He made his objection. I'm not asking him if someone from Cash for Cans authorized that signature. I was asking him to explain what the phrase stamped on the check means, "unauthorized signature" in common banking terms.

Defense Attorney:

Your Honor, I continue my objection. Unless someone is going to be here today to say that check was not authorized, then I don't believe he can talk about the check at all.

The Court:

I'm going to overrule the objection. *He can ask what the common practice is, but I agree with your motion that that's not proof that it is authorized. That part would be objectionable.* [Emphasis added.]

Prosecuting Attorney:

We are not saying that it is, your Honor.

The State never proved the checks were indeed unauthorized, simply that the checks were returned to the merchants stamped "unauthorized signature." This does

not provide the evidence necessary to sustain the convictions. No one from Cash for Cans was called to testify about the account; no one testified who could or could not sign the checks. No one testified that indeed the checks were signed by an unauthorized person or that the signatures were forged. The State utterly failed to prove the most basic part of its case. The theft of property convictions were dependent on proof of forgery, so those also must be reversed.

Reversed and dismissed.